IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

No. 07-20502
Summary Calendar

DAVID SUMMERS,

Plaintiff-Appellant,

versus

KENNETH REILLY, DWIGHT CANTRELL,
DIANE DOTTAVIO, CITY OF MONTGOMERY, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. H-05-4272
--------------------

Before KING, DAVIS, and CLEMENT, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Plaintiff David Summers appeals the dismissal of his § 1983 claims. Finding no error, we affirm.

I.

This § 1983 case arises out of a dispute among corporate directors for control of Endovasc, Inc., a publicly traded company. At the time of the events giving rise to this lawsuit, David Summers was the founder, majority

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shareholder, and a director of a publicly traded company called Endovasc, Inc. Defendants Diane Dottavio and Dwight Cantrell were Endovasc's other two directors. Dottavio and Cantrell decided to remove Summers as a director and CEO of the company at a directors' meeting to be held on December 16, 2003. They asked defendant Kenneth Reilly, a part-time municipal judge for the City of Montgomery, to attend to advise the corporation on corporate procedures. They asked Reilly to provide security for the meeting. Reilly arranged for an off-duty police officer, who was also Reilly's bailiff, to accompany him.

After the meeting, at which Summers was removed from his position as CEO, Summers was asked to gather his things and leave the premises. Summers' affidavit states that Reilly and his bailiff told him to leave the premises immediately and that he was trespassing. The officer stated that Summers had better do what Reilly said and approached Summers indicating that he was to escort him from the building or he would be forcibly removed. Summers complied with the officer's demand, which Summers deemed an arrest and legal directive from a peace officer and a sitting judge. Summers was physically escorted from the building and prevented from going anywhere but to the exit.

Summers claims that Reilly was acting in his capacity as a judge and as a policymaker for the city when he had him removed from Endovasc's offices, violating his due process and liberty interests. His claims against the City were dismissed by the district court in two opinions based on the district court's conclusions that Summers failed to allege that he was engaged in any speech or activity protected by the First Amendment, that he was deprived of any liberty interest protected by substantive due process or that any policy of the City of Montgomery that caused him to be removed from Endovasc. After

allowing Summers the opportunity to amend his complaint, the district court dismissed Summers' remaining claims against the remaining defendants because no evidence was submitted to prove that Summers had been arrested or deprived of a property or liberty interest protected by due process. Summers appeals.

II.

Summers argues that the district court erred in dismissing his claims against the City of Montgomery on a Rule 12(b)(6) motion. He argues that his complaint alleges that Reilly's conduct was part of a pattern or practice because Reilly was previously reprimanded for using his office to further his private interests. Summers also argues that the district court erred in dismissing his claims against the other defendants on summary judgment. He states that his affidavit contains sufficient facts to create an issue as to whether he was detained, supporting his liberty interest and due process claims.

A plaintiff seeking recovery under 42 U.S.C. § 1983 can prevail only if he can demonstrate that he was deprived of rights secured by the United States Constitution or federal statutes. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979). Summers complains that he was deprived of liberty and property without due process when he was removed from Endovasc's offices by a judge and his bailiff. He also complains that his liberty was restricted in violation of the Fourth and Fourteenth Amendments when he was arrested or detained by Reilly and his bailiff.

Summers' claims fail. First, the record does not support a claim that he had any property interest in remaining at Endovasc's offices. Immediately prior to his removal, the board of Endovasc removed Summers as President of the company. Thus there can be no due process violation resulting from his

3

removal from Endovasc's offices.  Second, Summers' own affidavit does not establish that any liberty interest was violated.  Simply stated, after he was asked to leave the Endovasc's offices, where he had no legal right to be, he complied with the request.  We agree with the district court that a person who is peaceably asked to leave, and then peaceably escorted from, private property by authorized personnel has not been detained or arrested in any recognizable sense.

III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.